08-4091-cv
Madden v. Town of New Haven

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31ˢᵗ day of December, two thousand nine.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> > *Circuit Judges*,
> LAWRENCE E. KAHN,[*]
> > *District Judge.*

---

John Madden,

> Plaintiff-Appellant,

> v.                                                              No. 08-4091-cv

Town of New Haven,

> Defendant-Appellee.

---

---

[*]Lawrence E. Kahn, Senior Judge of the United States District Court for the Northern District of New York, sitting by designation.

FOR APPELLANT:           John Madden, pro se, New Haven, Vermont.

FOR APPELLEE:            James W. Runcie, Ouimette & Runcie, Vergennes, Vermont.

Appeal from a judgment and orders of the United States District Court for the District of Vermont (Murtha, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellant John Madden appeals from a judgment of the district court dismissing his 42 U.S.C. § 1983 complaint against the Town of New Haven, Vermont, and two subsequent orders denying reconsideration of that judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a civil case in which the United States is not a party, Federal Rule of Appellate Procedure 4(a)(1)[2] and 28 U.S.C. § 2107 require an appellant to file a notice of appeal within thirty days of the entry of the judgment or order being appealed. The Supreme Court has made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Therefore, even though the Town of New Haven does not challenge the timeliness of Madden's appeal, this Court is "obliged to examine the question sua sponte." Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 328 (2d Cir. 2005).

The time to file a notice of appeal is tolled during, inter alia, the pendency of a timely filed motion under Federal Rule of Civil Procedure 59(e). See Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e). Here, Madden timely filed a Rule 59(e) motion to amend the district court's June 17, 2008, judgment, so the appeal period did not begin to run until the July 18, 2008 entry of the order denying that motion.[3] Accordingly, his time to file a notice of appeal expired on August 17, 2008; this was a Sunday, so his notice of appeal was due by Monday, August 18 2008. See Fed. R. App. P. 4(a)(1) and 26(a)(3). However, Madden did not file his notice of appeal until August 20, 2008. While his notice of appeal is dated August 18, 2008, it was not "filed" until two days later. See Fed. R. App. P. 25(a)(2)(A) ("Filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing."). Accordingly, it was untimely filed and we must dismiss the appeal for lack of jurisdiction. See 28 U.S.C. § 2107; Fed. R. App. 4(a)(1); Bowles, 551 U.S. at 214.

---

[2] The Federal Rules of Appellate Procedure were recently amended; however, the amendments were effective December 1, 2009. All of the relevant documents in this case were filed prior to that date, so the 2009 Amendments do not apply.

[3] While Madden filed a second Rule 59(e) motion challenging the July 2008 order, successive motions for reconsideration do not repeatedly toll the notice of appeal filing period under Rule (4)(a)(4). See Glinka v. Maytag Corp., 90 F.3d 72, 74 (2d Cir. 1996).

Insofar as Madden seeks to appeal an August 22, 2008 order of the district court, his notice of appeal was filed before that order was entered and he failed to file a new or amended notice of appeal as required by Federal Rule of Appellate Procedure 4(a)(4)(B)(ii).

For the foregoing reasons, the appeal is hereby **DISMISSED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____